UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and FABIOLA MUNOZ,

    Plaintiff,

v.

TODAY'S V, INC. and PROVIDENCE
HOSPITALITY PARTNERS LLC D/B/A
STAYBRIDGE SUITES DENVER
INTERNATIONAL AIRPORT,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, TODAY'S V, INC. and PROVIDENCE HOSPITALITY PARTNERS LLC (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age, who

splits her time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, FABIOLA MUNOZ, is a member of the Florida Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6. At all times material, Defendant, TODAY'S V, INC. was and is a Foreign Profit Corporation, incorporated under the laws of the state of California, with its principal place of business in Burlingame, California.

7. At all times material, Defendant, TODAY'S V, INC., owned and operated a hotel business and place of public accommodation located at 6951 N Tower Road, Denver, Colorado 80249 (hereinafter the "Commercial Property").

8. At all times material, Defendant, PROVIDENCE HOSPITALITY PARTNERS LLC, was and is a Colorado Limited Liability Company organized under the laws of the state of Colorado with its principal place of business in Denver, Colorado.

9. At all times material, Defendant, PROVIDENCE HOSPITALITY PARTNERS LLC, owned and operated a hotel business and place of public accommodation located at 6951 N Tower Road, Denver, Colorado 80249 (hereinafter the "Commercial Property"). Defendant, TODAY'S V, INC., holds itself out to the public as "Staybridge Suites Denver International Airport."

10. Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Denver, Colorado, Defendants regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise

to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

11. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing. Plaintiff, FABIOLA MUNOZ, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

15. Defendant, TODAY'S V, INC., owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of the Action.

16. The subject Commercial Property is open to the public and is located in Denver,

Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 6, 2021 through September 7, 2021 encountering multiple violations of the ADA that directly affected her ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail herself of the goods and services offered to the public at the business therein, if the property/business become accessible.

17.     Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer. She attended a quarterly meeting for member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, as a member, as well as visited with local friends and attended a concert. She intends to return to the Commercial Property and business therein in order to avail herself of the goods and services offered to the public at the property. Plaintiff spends much of her time in and near Denver County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of the Complaint as he regularly conduct business in Colorado and plans to rent or buy property there soon.

18.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue her patronage and use of the premises.

19.     The Plaintiff, FABIOLA MUNOZ, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendants' Commercial Property and business within the Commercial Property have

4

each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

20. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of the organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow her or her to bring suit in her or her own right. Plaintiff, FABIOLA MUNOZ, has also been discriminated against because of its association with its disabled members and their claims.

21. Defendant, TODAY'S V, INC., owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and operate is the Commercial Property business located at 6951 N Tower Road, Denver, Colorado 80249.

22. Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in

Counts I and II of the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO TODAY'S V, INC. AND PROVIDENCE HOSPITALITY PARTNERS LLC

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, TODAY'S V, INC., has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during her visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

    A.  <u>Parking</u>

i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3 (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

ii. Accessible space lack compliant aisles, they are Containing Level Changes in the Space and Aisle (< 60" wide) impeding Plaintiff from unloading and violating the ADAAG and ADAS Section 502.

iii. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing Plaintiff from safely accessing Staybridge Suites without rest or assistance.

iv. Plaintiff was prevented from safely exiting her vehicle at Staybridge Suites which lack accessible unloading areas or (60" W x 20' L) are on 3% slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

    B.  <u>Entrance Access and Path of Travel</u>

i. Accessible routes at Staybridge Suites have > 3% cross slopes (>2%) creating hazardous conditions for Fabiola Munoz in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii. Accessible routes at Staybridge Suites have changes in level of > 1" (>3/4") creating hazardous conditions for Fabiola Munoz violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Ramps at Staybridge Suites lack compliant landings at top and bottom of each run (30" rise max) endangering Fabiola Munoz and violating the ADAAG and ADAS Section 405.

iv. Ramp or curb ramp does not provide required edge protection where there is a drop-off of > 4" (> 4") violating the ADAAG and Section 405.9 of the 2010 ADAS.

    v.    The entrance threshold at Staybridge Suites is > 1" (> ¾"), impeding Fabiola Munoz in violation of ADAAG Sections 4.5.2 and 4.13. and Section 404 of the 2010 ADAS.

    vi.    Doors in Staybridge Suites have inadequate maneuvering clearance of < 12" Pull Side (see chart) preventing use by Fabiola Munoz violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

    vii.    Path of travel connecting areas of Staybridge Suites are < 22" (<36" or 32" for < 2') below required width, violating ADAAG Section 4.3 and Section 403 of the ADAS.

    C.  <u>Access to Goods and Services</u>

    i.    Counters are > 36" AFF, in excess of 36", preventing Fabiola Munoz from using, in violation of Section 7.2 (1) of the ADAAG.

    ii.    Interior paths and checkout aisles at Wadsworth Convenience lack 36' minimum clear width required by the 2010 ADAS, 1, impeding Plaintiff.

    iii.    Table knee and toe space is 27", high (27" min) and 4" deep (17" min), preventing use by Fabiola Munoz.

    iv.    Self-service dispenser controls are > 48" Over Excessive Obstruction (48" max), outside of the reach ranges prescribed, preventing use by Fabiola Munoz.

    D.  <u>Public Restrooms</u>

    i.    Maneuvering space Changing Station Obstructs in Down Position is inadequate, impeding Fabiola Munoz from entering or exiting the restroom per 2010 ADAS Sec. 404.

    ii.    Sink knee clearance < 30" Wide (27" min @ 8" deep) prevents Fabiola Munoz from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

    iii.    Fabiola Munoz unable to use Mirror due to bottom-reflecting surface > 40" (40" AFF max), violating the ADAAG and 2010 ADAS.

iv. Toilet has improper centerline > 18" from side wall; (16" to 18"), denying access to Fabiola Munoz, violating the 2010 ADAS.

E. Accessible Guestrooms and Suites

i. Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding Fabiola Munoz, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.

ii. Maneuvering space at bed(s) 23" (36" min) on sides or between two beds, prevents Fabiola Munoz's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008.

iii. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF > 48" in Lowest Position to Grasp Controls, violating the ADAAG and 2010 ADAS Sections 308 and 309.

iv. Rods and shelves in closets or wall mounted units > 48" AFF Inaccessible Design and > 48" AFF or lack the clear floor space for Fabiola Munoz to approach, violating the ADAAG and 2010 ADAS Section 308.

v. Accessible toilet in accessible guestroom bathroom centerline of 9" (16"-18") from adjacent side wall, preventing Fabiola Munoz from safely using the grab bars.

vi. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF, preventing safe use to Fabiola Munoz.

vii. Toilet in accessible bathroom's rear wall grab bar not at least 36" long and mounted between 33"-36" AFF, preventing safe use by Fabiola Munoz.

viii. Accessible guest bathroom lavatory lacks knee and toe clearance to allow Fabiola Munoz to pull under and use, violating the ADAAG and 2010 ADAS Section 606.

ix. Clear floor space in bathroom does not allow Fabiola Munoz to turn around in a 60" diameter circle or a "T"-turn area as shown in the ADAAG and 2010 ADAS Section 305.

x. Roll-in shower is not 30" wide by 60" long or 36" wide by 60", as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use Fabiola Munoz.

xi. Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for Fabiola Munoz to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

xii. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be are operable from the folding shower seat or from the shower wheelchair.

xiii. Horizontal grab bar not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

xiv. Roll-in shower is obstructed by door and curb or lip that impedes Fabiola Munoz's wheelchair transfer onto the seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

xv. Fabiola Munoz cannot reserve accessible guestrooms/suites in the same ways and on the same terms that other persons can reserve guestrooms/suites at Staybridge Suites, violating ADA requirements.

xvi. Reservations staff at Staybridge Suites lacks ready access to information about the lodging facility's accessible guestrooms/suites (including specific information on types and sizes of accessible showers, bathtubs, and other features i.e., tub seats) for use in making reservations as per 28 CFR 36.302.

xvii. Accessible guestrooms/suites are not held for possible use by persons with disabilities until all other rooms in the same price category have been rented, violating 28 CFR 36.302.

## RELIEF SOUGHT AND THE BASIS

26. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

27. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

32. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its

business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 5, 2021

                       **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone:  (720) 996-3500
Facsimile:   (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com;
bvirues@lawgmp.com.

By: _*/s/ Anthony J. Perez*_
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713